IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**U-SAVE AUTO RENTAL OF AMERICA, INC.**                                                                                  **PLAINTIFF**

**V.**                                                                                                       **NO. 3:14-CV-792-HTW-LRA**

**MERIT ASSOCIATES, INC.,**
**WILLIAM C. BURCH, III,**
**AND JOHN DOES 1-10**                                                                                                  **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF SECOND
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants, Merit Associates, Inc., and William C. Burch, III, submit this memorandum in support of their Second Motion to Enforce Settlement Agreement:

### FACTUAL BACKGROUND

The dispute between these parties was settled at a settlement conference conducted on March 15, 2016, before Magistrate Judge John M. Roper, Sr.  The parties' settlement agreement included: (1) the defendants' agreement to pay certain settlement proceeds, (2) the plaintiff's agreement to release claims against the defendants, and (3) the parties' agreement to submit a consent permanent injunction that would make permanent the preliminary injunction herein [Dkt. No. 26].  The release of claims required under number (2) is the subject of another pending motion [Dkt. No. 45] filed by the plaintiff to review an order of Magistrate Judge Roper granting the defendant's first motion to enforce the parties' settlement agreement [Dkt. No. 44].  Number (3) above, the requirement of a consent permanent injunction, is the subject of this, the defendants' second motion to enforce settlement agreement.

At the conclusion of the parties' settlement conference, Judge Roper confirmed the parties' settlement agreement by a ruling from the bench.[1]  Judge Roper's ruling included the following statement: "The temporary preliminary injunction that's been entered by consent in this case will be turned and made into a permanent injunction…" *See* Sealed Transcript, Dkt. No. 46-1., at P. 2, lines 17-20.  The preliminary injunction to "be turned and made into a permanent injunction" is at Dkt. No. 26.

This motion to enforce settlement agreement is necessary because the parties have been unable to agree on the language of a proposed consent permanent injunction.  Specifically, the plaintiff has refused to include the following language that was included in paragraph 13 of the consent preliminary injunction:

> 13. The findings herein do not affect the ultimate merits of this case, upon which the Court expresses no view whatsoever. No statement herein shall be construed in any manner as any finding or admission of liability.

[Dkt. No. 26, paragraph 13]. The plaintiff wants the language excluded from the permanent injunction, and the defendants want it to remain.

Furthermore, pursuant to the authorities provided below, the consent permanent injunction should avoid addressing the merits of the plaintiff's factual allegations and legal theories.

## **ARGUMENT**

For the preliminary injunction to be "turned and made into" a permanent injunction, as required by the parties' settlement agreement and Judge Roper's ruling, the permanent injunction must contain all appropriate and relevant provisions from the preliminary injunction, including

---

[1] Magistrate Judge Roper's ruling was recorded by the court reporter, Ms. Cherie Bond, who produced the *Sealed Transcript* noted at Dkt. No. 43.  The plaintiff subsequently filed a copy of the "sealed" transcript, apparently without leave of the Court, in support of a motion [Dkt. No. 46-1].  Because the transcript was sealed, this memorandum refers to the plaintiff's prior filing of it instead of making it an exhibit to this memorandum.

especially the disclaimers as to findings and admissions of liability in the above-quoted language from paragraph 13.  The paragraph 13 disclaimers must be included in the permanent injunction because they reflect both (1) the status of the case at the time of the settlement and (2) the terms of the settlement itself. The first part of paragraph 13, "[t]he findings herein do not affect the ultimate merits of this case, upon which the Court expresses no view whatsoever," accurately reflects that the matter was settled prior to trial, and, accordingly, the Court is in no position to address the merits.  As further discussed below, to address the merits in the permanent injunction would constitute an improper advisory opinion.

The second of the disclaimers in paragraph 13, that nothing in the permanent injunction "shall be construed in any manner as any finding or admission of liability," is a common requirement in settlement agreements, and, by agreeing merely to "turn[] and ma[ke] [the consent preliminary injunction] into a permanent injunction," the defendants clearly intended to keep such disclaimer in the post-settlement consent permanent injunction. Without such disclaimer of findings or admissions of liability, the permanent injunction would certainly become something more than the preliminary injunction.

Furthermore, the authorities below in support of this motion establish that, while the permanent injunction *should* prohibit the conduct that was prohibited by the preliminary injunction, it *should not* address the factual claims and legal theories that were at issue in this dispute. To address the merits of the dispute in a post-settlement permanent injunction would constitute an improper advisory opinion.  Accordingly, the permanent injunction entered as a result of the parties' settlement should simply make permanent the prohibition of conduct that was previously prohibited under the preliminary injunction, and, accordingly, should generally be limited to the relief granted in paragraphs 12 and 13 of the preliminary injunction.

In correspondence between plaintiff's and defendants' counsel regarding negotiation of the language of the permanent injunction, the plaintiff's counsel argued that the permanent injunction required by the parties' settlement agreement must be "by definition a disposition on the merits" and that "[i]mplicit in the defendants' agreement to the entry of a permanent injunction is the defendants' confession of liability." *See* **Exhibit A**, Letter of April 27, 2016. These assertions are simply wrong in a case, as here, where a pre-trial settlement agreement requires entry of a consent permanent injunction.

A simple Google search yields pages and pages of examples of consent permanent injunctions and other consent judgments in which defendants expressly disclaim liability. *See, e.g.,* a Google.com search using the terms "consent permanent injunction disclaim liability." Such consent injunctions are apparently extremely common and, as established by the following authorities, both well-founded in the law and routinely enforced. Furthermore, the "disposition on the merits" that the plaintiff seeks would be an improper advisory opinion.

For example, the following excerpt is from *United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 293-95 (2nd Cir. 2014):

> We quickly dispense with the argument that the district court abused its discretion by requiring Citigroup to admit liability as a condition for approving the consent decree. In both the briefing and at oral argument, the district court's pro bono counsel stated that the district court did not seek an admission of liability before approving the consent decree. With good reason—there is no basis in the law for the district court to require an admission of liability as a condition for approving a settlement between the parties. The decision to require an admission of liability before entering into a consent decree rests squarely with the S.E.C….
>
> Our Court recognizes a "strong federal policy favoring the approval and enforcement of consent decrees." *Wang*, 944 F.2d at 85…
>
> It is an abuse of discretion to require, as the district court did here, that the S.E.C. establish the "truth" of the allegations against a settling party as a condition for approving the consent decrees. *Citigroup I*, 827 F. Supp. 2d at 332-33. Trials are primarily about the truth. Consent decrees are primarily about pragmatism.

4

> "[C]onsent decrees are normally compromises in which the parties give up something they might have won in litigation and waive their rights to litigation." *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 235, 95 S. Ct. 926, 43 L. Ed. 2d 148 (1975). Thus, a consent decree "must be construed as . . . written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation." *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S. Ct. 1752, 29 L. Ed. 2d 256 (2d Cir. 1971). Consent decrees provide parties with a means to manage risk. "The numerous factors that affect a litigant's decision whether to compromise a case or litigate it to the end include the value of the particular proposed compromise, the perceived likelihood of obtaining a still better settlement, the prospects of coming out better, or worse, after a full trial, and the resources that would need to be expended in the attempt*." Citigroup III*, 673 F.3d at 164; *see also Randolph*, 736 F.2d at 529 ("Compromise is the essence of settlement. Even if the Commission's case against [defendants] is strong, proceeding to trial would still be costly. The S.E.C.'s resources are limited, and that is why it often uses consent decrees as a means of enforcement." (citation omitted)). These assessments are uniquely for the litigants to make. It is not within the district court's purview to demand "cold, hard, solid facts, established either by admissions or by trials," Citigroup I, 827 F. Supp. 2d at 335, as to the truth of the allegations in the complaint as a condition for approving a consent decree….

*United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 293-95 (2nd Cir. 2014).  Thus, the Second Circuit "quickly dispensed" with the notion that a district court can require a defendant to admit liability in a consent decree.

In another example (which was cited by the Fifth Circuit), Judge Posner wrote for the Seventh Circuit as follows:

> A winning party cannot appeal merely because the court that gave him his victory did not say things that he would have liked to hear, such as that his opponent is a lawbreaker…
>
> Nor can a party force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything--if he wants, without even appearing in the case. *Reynolds v. Roberts*, 202 F.3d 1303, 1315 (11th Cir. 2000). And if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. ***The absence of a controversy (in the constitutional sense) precludes the court from issuing an opinion on whether the defendant actually violated the law. Such an opinion would be merely an advisory opinion, having no tangible, demonstrable consequence, and is prohibited***. *Alliance To End Repression v. City of Chicago*, 820 F.2d 873, 875-76 (7th Cir. 1987).

5

> The plaintiffs acknowledge that their principal dissatisfaction with the permanent injunction that the district court entered is the absence of a finding of illegality, which they wish to brandish in their continuing struggle with Fitzgerald and his clique for control of Local 134. Had the injunction that the judge entered been narrower than the plaintiffs wanted, they could have appealed just like any other plaintiff who obtains only partial relief in the trial court and is dissatisfied. See, e.g., *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332-33, 63 L. Ed. 2d 427, 100 S. Ct. 1166 (1980); EEOC v. Chicago Club, 86 F.3d 1423, 1431 (7th Cir. 1996); see also *Electrical Fittings Corp. v. Thomas & Betts Co*., 307 U.S. 241, 83 L. Ed. 1263, 59 S. Ct. 860 (1939) (appeal by prevailing defendant); *LaBuhn v. Bulkmatic Transport Co*., 865 F.2d 119, 121-22 (7th Cir. 1988) (ditto). The plaintiffs drafted the preliminary injunction that the judge entered, however, and so far as the terms of the permanent injunction are concerned ***all the plaintiffs wanted was for him to make the preliminary injunction permanent***, and he did so. The permanent injunction forbids exactly what the plaintiffs want it to forbid. But they argue that it is invalid because of its lack of a finding that the defendants violated the law, and if this is right it means that the relief they obtained was illusory--a proper basis for a "winning" plaintiff to appeal….
>
> The ***obvious counterexample is a permanent injunction entered pursuant to a consent agreement in which the defendants deny liability***. See, e.g., *United States v. Accra Pac, Inc., supra*, 173 F.3d at 631. In such a case there is no adjudication of the merits, yet ***the injunction is valid***. The plaintiffs in this case did not consent to the entry of the permanent injunction, because it was unaccompanied by a finding of liability. But that does not mean that the injunction was invalid, as would be obvious if the injunction had been entered after the defendants defaulted, as in *SEC v. Worthen*, 98 F.3d 480, 481 (9th Cir. 1996). Although Rule 65(d) does require that the order granting the injunction "set forth the reasons for its issuance," they need not take the form of findings that the defendant violated the law. ***The reason for the injunction might simply be that the defendant had consented to its entry***--that in fact was the reason the judge gave when he dismissed the suit. He gave a reason, too, why the plaintiffs' objection should not be controlling. He said that the plaintiffs had got all they were entitled to, and he was right, given that the injunction is valid and prohibits exactly the same conduct that the plaintiffs wanted it to prohibit. All that is missing is a finding of violation, and we have seen that this is not a prerequisite to the issuance of a valid injunction.

*Chathas v. Local 134 IBEW*, 233 F.3d 508, 511-13 (7th Cir. 2000) (emphasis added).

The Fifth Circuit adopted this reasoning from *Chathas* in its opinion in *Ward v. Santa Fe Indep. Sch. Dist*., 393 F.3d 599, 604 (5th Cir. 2004) (recognizing from *Chathas* that "a defendant is always free to default and have judgment entered against him… In such a case, the court would

6

not review the merits of the plaintiff's claims and declare the defendant's actions illegal because such a ruling would be merely advisory").

## CONCLUSION

Accordingly, not only would omission of the paragraph 13 disclaimers from the permanent injunction fail to accurately reflect the parties' settlement agreement and Judge Roper's ruling, but also the "disposition on the merits" and "confession of liability" that the plaintiff would have the permanent injunction accomplish are improper under the authorities discussed above. For these reasons, the defendants respectfully request that the Court grant this Second Motion to Enforce Settlement Agreement and enter a permanent injunction, in partial satisfaction of the parties' settlement agreement, that both contains the disclaimers from paragraph 13 of the preliminary injunction and otherwise avoids addressing the merits of the factual allegations and legal theories asserted by the plaintiff.

This the 18th day of May, 2016.

By: */s/David Humphreys*
Dorsey R. Carson, Jr. (MS Bar #10493)
David Humphreys (MS Bar #100085)
Julie C. Skipper (MS Bar #101591)
*Attorneys for Defendants*
MERIT ASSOCIATES, INC., AND WILLIAM C. BURCH, III

**OF COUNSEL:**
CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
(601) 351-9831 / Telephone
(601) 510-9056 / Facsimile
dcarson@thecarsonlawgroup.com
jskipper@thecarsonlawgroup.com
dhumphreys@thecarsonlawgroup.com

**CERTIFICATE OF SERVICE**

I, David Humphreys, certify that on May 18, 2016, I electronically filed the foregoing pleading with the Clerk of Court using the ECF system, which automatically sent notification to all counsel of record:

John B. Gillis, Attorney
221 Market Street
P.O. Box 185
Water Valley, MS 38965
T: 662-816-5991
Email:  jbgillis@johngillislaw.com

*/s/David Humphreys*
OF COUNSEL
