UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

U-SAVE AUTO RENTAL OF AMERICA, INC.    )
                                       )
     PLAINTIFF                        )
                                       )
V.                                     )   NO. 3:14-CV-792-HTW-LRA
                                       )
MERIT ASSOCIATES, INC., WILLIAM C.     )
BURCH, III, AND DOES 1-10              )
                                       )
     DEFENDANTS                       )

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION
TO RESCIND SETTLEMENT AGREEMENT**

1. ***Defendants' argument that the motion to rescind the settlement agreement is moot.***  In their response, the defendants argued:

> As the instant motion is based on the plaintiff's allegation of nonpayment of the settlement proceeds that, on May 6, 2016, Judge Roper ordered to be paid to the registry of the Court, the instant motion should be denied as moot.
>
> ECF doc. 55, p. 4.

The defendants did not cite any legal authority in support of the foregoing advocacy statement.  The plaintiff submits that the defendants position that the motion to rescind the settlement agreement has been rendered moot by the 6 May 2016 text order is without any basis on law or fact.

The text order entered on 6 May 2016 by the magistrate judge tasked to conduct the settlement conference was entered without an antecedent motion.  The order was in response to a letter -- not a Rule 7 compliant motion -- that the defendants decided to send to the magistrate judge and to file in the electronic court file using the ECF system.  [ECF doc. 49]  The improperly filed letter set out a number of purported excuses as to why the

defendants failed to perform as required under the settlement agreement, making reference to the unrequested stay entered on 11 April 2016 and repeatedly and falsely stating that the stay was entered at the request of plaintiff's counsel, and that the plaintiff "violated the very stay it requested" by filing timely a motion to review magistrate judge's ruling on 22 April 2016 where the unrequested stay order only stayed, "requirements and deadlines regarding the settlement in this matter."  [Text order 11 April 2016, 3:09 p.m.] The plaintiff has never requested a stay of any kind in this case.  The 11 April 2016 text order did not stay the 14-day deadline to file the motion for review of magistrate judge's ruling; therefore, the plaintiff did not violate the stay by filing timely the motion for review of magistrate judge's ruling.  The defense lawyer's letter to the magistrate judge failed to note that when the stay was entered, the defendants had four days remaining to deliver payment of the initial $2,000.00 installment to plaintiff's counsel.  The defense lawyer's letter to the magistrate judge failed to note that when the stay was lifted on 26 April 2016, the defendants had four days to deliver the initial installment payment to plaintiff's counsel. The defense lawyer's letter to the magistrate judge did not explain why the defendants failed to deliver payment to plaintiff's counsel by 30 April 2016 (or by 2 May 2016 if the 30 April 2016 deadline rolled forward to the first business day) other than suggesting that a disagreement over the language of the proposed agreed permanent injunction order somehow justified the defendants not delivering the required payment notwithstanding the fact that neither the settlement memorialized in a transcript on 15 March 2016 [ECF doc. 45-1] nor the release document drafted by the defense lawyer [ECF doc. 50-3, pp. 2-3] make the entry of an agreed permanent injunction a condition precedent to the payment by the defendants of the $2,000.00 monthly installments.  The settlement agreement and the release document drafted by the defendants' lawyer show that the defendants had an

unconditional contractual obligation to pay the installment payments on or before the dates specified.

The release reads in pertinent part:

> In consideration of the promise to pay EIGHT THOUSAND DOLLARS ($8,000.00) in four installments of $2,000.00 each payable on or before 15 April 2016, 15 May 2016, 15 June 2016, and 15 July 2016 to U-SAVE AUTO RENTAL OF AMERICA, INC. (hereinafter sometimes "Releasor"), by WILLIAM C. BURCH, III and MERIT ASSOCIATES, INC. and the entry of an agreed permanent injunction order, the Releasor hereby discharges William C. Burch, III and Merit Associates, Inc. . . . .

[ECF doc. 50-3, p. 2]

The plain meaning of the release document drafted by the defense lawyer shows that entry of an agreed permanent injunction is a condition precedent for the plaintiff releasing the defendants; the entry of an agreed permanent injunction is not a condition precedent to the defendants paying their installment payments. Moreover, delivery of a release to the defendants is not a condition precedent to their obligation to pay timely their installment payments since the consideration given by the defendants was a promise to pay four $2,000.00 monthly installments on 15 April 2016, 15 May 2016, 15 June 2016, and 15 July 2016, and not a term making payment due only after delivery of a release. As a practical matter, the plaintiff would be well within its rights to withhold an executed release until the defendants paid the entire $8,000.00; however, the consideration for the release is a promise to pay (as well as the entry of an agreed permanent injunction order). The defendants have the sequencing and what triggers what reversed. The plaintiff sees no ambiguity in the release document, but if there is ambiguity, that ambiguity will be construed against the defendants since their lawyer drafted the document. Leach v. Tingle, 586 So. 2d 799, 801 (Miss. 1991)(ambiguities in contract should be construed against party

who drafted the instrument).

The 6 May 2016 text order entered in response to the defense lawyer's letter to the magistrate judge reads:

> TEXT ONLY ORDER directing Defendant Merit Associates, Inc. to remit April 2016 payment (pursuant to settlement agreement) to the registry of the Court. All subsequent payments shall be timely made on a monthly basis to the registry of the Court until resolution of all pending motions and appeals. NO WRITTEN ORDER TO FOLLOW. Signed by John M. Roper on 5/6/2016. (ACF)

The text order makes no ruling regarding the pending motion to rescind the settlement agreement. To the contrary, the text order recognizes that the motion is pending and will be resolved in due course. The text order makes no ruling regarding whether the defendants breached the settlement agreement by failing to deliver the first $2,000.00 payment to plaintiff's counsel within four days of the lifting of the unrequested stay. The text order makes no finding that payment of the initial installment payment into the court's registry after the deadline for the defendants to deliver payment to plaintiff's counsel constitutes substitute performance of the defendants' contractual obligation to have paid the initial installment payment within four days of the lifting of the stay. The text order makes no finding concerning defendant Burch's obligations under the settlement agreement and his compliance or non-compliance with his contractual obligations under the settlement agreement. The text order just directs the payment of the $2,000.00 installments into the court's registry pending the disposition of the pending motions.

The plaintiff submits that the three sentence text order which made no findings concerning the issue of whether the defendants' breached the settlement agreement could not possibly render moot the motion to rescind the settlement agreement. The defendants' argument regarding mootness is a frivolous argument as it is unsupported by law or fact.

2. ***Defendants' argument that the defendants did not breach the settlement agreement.*** The defendants' argument that they did not breach the settlement agreement is baseless in law and fact.  The fact is the defendants were required to deliver the first $2,000.00 payment to plaintiff's counsel within four days of the unrequested stay being lifted.  The fact is the stay was lifted on 26 April 2016, making the deadline for delivery of the initial payment to plaintiff's counsel 30 April 2016.  If we assume that the Rule 6(a) standard that a deadline falling on a weekend day rolls forward to the first business day, the deadline for delivery of the payment was 2 May 2016.  The fact is the defendants failed to deliver the initial payment to plaintiff's counsel on or before the 30 April 2016 or 2 May 2016 deadline.  The fact is receipt of a signed release and the entry of an agreed permanent injunction order were not conditions precedent to the defendants' performance of their contractual obligation to deliver payment of the four $2,000.00 installment payments to plaintiff's counsel on or before the fifteenth day of each month starting in April 2016.  The fact is the settlement agreement shows that the defendants had an unconditional obligation to pay the installment payments on the specified dates.  The fact is the parties in this civil action are commercial parties.  The fact is time was of the essence concerning the defendants' requirement to pay their installment payments on or before the fifteenth day of each month starting in April 2016 given the commercial parties status of the parties.  The fact is defense counsel attempted to fabricate conditions precedent for the delivery of the required first installment payment where the settlement agreement dictated into the record on 15 March 2016 and the release document drafted by defense counsel contain no conditions precedent for the defendants' payment of the installment payments. For the release document to mean what the defendants seem to think it means, the document would have to read in key part:

> In consideration of the U-Save Auto Rental of America, Inc. providing
> William C. Burch, III and Merit Associates, Inc. an executed release
> agreement discharging them from liability and a signed agreed
> permanent injunction order in a mutually agreeable form, William C.
> Burch, III and Merit Associates, Inc. shall pay EIGHT THOUSAND
> DOLLARS ($8,000.00) in four installments of $2,000.00 each payable
> on or before 15 April 2016, 15 May 2016, 15 June 2016, and 15 July
> 2016 to U-save Auto Rental of America, Inc. . . .

The release document, drafted by the defense lawyer, does not read like this.  The fact is
the defendants' payment of money is the key material term of the settlement agreement.
The fact is the defendants' reliance on the purported conditions precedent fabricated by
defense counsel was at their peril.  The fact is the defendants' unilateral decision to
withhold payment rather than comply with their contractual obligations was a breach of the
key material term of the settlement agreement.  (We have to assume that the defendants
actually sent money to their lawyer inasmuch as the defendants have yet to provide any
documentary evidence showing that they sent money to their lawyer.)

The defendants seem to argue that "the defendants' tender of the initial settlement
payment on April 15, 2016, into their attorneys' trust account, where it remained (with
notice given to plaintiff's counsel) until the [c]ourt's order on May 6, 2016" was somehow
contractually compliant performance by the defendants of their obligation to deliver the first
$2,000.00 payment to plaintiff's counsel within four days of the unrequested stay being
lifted.  The defendants cite no authority in support of this position.  The facts are that there
were no conditions precedent to the defendants' performance of their contractual obligation
to pay the money that they promised to pay of the specific dates for performance and the
defendants failed to deliver the first $2,000.00 payment to plaintiff's counsel within four
days of the stay being lifted.

The defendants contend that they "tendered" payment to the plaintiff on 15 April

2016 by paying money to their lawyer.  The defendants also contend that if paying money to their lawyer was not compliant with their contractual obligation, their non-compliant conduct was cured by the magistrate judge's 6 May 2016 order directing payment into the court's registry.  Specifically, the defendants contend:

> [T]he [d]efendant did tender payment on April 15, 2016, in compliance with the settlement agreement.  It simply was not sent to plaintiff's counsel yet, because the executed release had not been received, nor the permanent injunction entered.  Nonetheless, even assuming *arguendo* that payment of the funds into defense counsel's trust account constituted a failure to make payment within the time specified, the [c]ourt properly ordered the act to be done by its May 6, 2016, order, and the defendant complied.  As such, the settlement agreement's term regarding payment of installments has been complied with, and any breach, if one existed, was immaterial.

The plaintiff submits that the defendants' argument is nonsense.

The problem with the defendants' "tender" argument is that tender of payment was not the defendants' contractual obligation.   "Tender" means only a readiness and willingness to perform with a present ability to do so.  6 Williston, THE LAW OF CONTRACTS § 833 (3d ed. 1972)  The defendants had a duty **to deliver** the $2,000.00 payments to plaintiff's counsel on or before the dates specified in the settlement agreement and release, not a duty simply to announce that they were willing and able to make the payments. That is, the defendants had what Williston describes as an "absolute tender" duty.   Absolute tender requires the offeror/payor to make an "unconditional offer to perform" which is "coupled with a manifested ability to carry out the offer, *and "a production of the subject matter of the tender.*"  6 Williston, THE LAW OF CONTRACTS § 1810 (Rev. ed. 1938)(emphasis supplied, footnote omitted).  *See also* Farnsworth, CONTRACTS § 8.10 (Little Brown & Co. 1982)("Strictly speaking . . . tender requires the subject matter be produced."), *citing* 15 Williston, THE LAW OF CONTRACTS § 1810 (3d ed. 1972).  In the

instant case, the defendants simply did not comply with their duty to deliver the first $2,000.00 payment to plaintiff's counsel within four days of the stay being lifted on 26 April 2016.

The defendants' contention that, "even assuming *arguendo* that payment of the funds into defense counsel's trust account constituted a failure to make payment within the time specified, the [c]ourt properly ordered the act to be done by its May 6, 2016, order, and the defendant complied[,]" is without merit. The 6 May 2016 order did not excuse the defendants' obligation to pay the first payment on or before 30 April 2016 (or on or before 2 May 2016 if Rule 6(a) applies). The 6 May 2016 order did not find that payment into the court's registry after 6 May 2016 was substitute performance of the defendants' obligation to deliver the first $2,000.00 payment to plaintiff's counsel within four days of the lifting of the stay. The 6 May 2016 order was entered just to mollify the defendants concerning all of the supposed concerns the defendants had as set out in the letter to the magistrate filed in the court file on 4 May 2016. [ECF doc. 49] The defendants' are improperly twisting the meaning and effect of the 6 May 2016 order.

The defendants contend that time was not of the essence concerning the defendants paying the $2,000.00 installment payments on or before the fifteenth day of each month beginning in April 2016, and that their failure to deliver timely the initial payment to plaintiff's counsel was not a material breach of the settlement agreement. The defendants cited Ladner v. Pigg, 919 So. 2d 100 (Miss. Ct. App. 2005) in support of their arguments that time was not of the essence and their failure to deliver payment timely was not a material breach. The defendants completely overlooked the fact that the parties in this case are commercial parties and the effect that status has on time being of the essence. The defendants also failed to explain how the defendants' contractual obligation

to pay installment payments on the dates specified in the settlement agreement is not a material term of the settlement agreement.

In Ferrara v. Walters, 919 So. 2d 876 (Miss. 2005), the Mississippi supreme court explained that unless a contract explicitly states so, or unless there is otherwise shown to be a clear indication of intent, time is not ordinarily considered to be of the essence in the performance of a contract. Id. at 884-85. The Ferrara court noted that in order to find that time is of the essence, one of two conditions must be satisfied. Id. at 885. First, the contract must explicitly state hat time is of the essence. Id. Second, in the absence of an explicit contractual term, there must be a clear indication of intent by the parties that time is of the essence. Id. In the instant case, the settlement agreement does not contain a boilerplate time is of the essence term, so we must analyze the facts and circumstances to discern whether it was the intent of the parties that time was of the essence concerning the defendants' contractual obligation to pay four, $2,000.00 installments.

The first indicator that it was the intent of the parties that time was of the essence is the specification of particular dates for performance in the settlement agreement and release.  The release reads in key part:  "In consideration of the promise to pay EIGHT THOUSAND DOLLARS ($8,000.00) in four installments of $2,000.00 each payable on or before 15 April 2016, 15 May 2016, 15 June 2016, and 15 July 2016 to U-SAVE AUTO RENTAL OF AMERICA, INC. . . ."  The release sets specific dates for performance by the defendants and states that payments would be due to the plaintiff on those dates (not that payments would be due to defense counsel on those dates).  Where specific dates for performance are stated in the contract, time is of the essence. *See, e.g.*, Enclave, Inc. v. Resolution Trust Corp., 986 F.2d 131, 133 (5th Cir.1993)("Time is always of the essence in any contract when the intention of the parties is clear that it is to be performed on a

stipulated date. NECO Engineering of Texas, Inc. v. Lee, 487 S.W.2d 185, 187 (Tex. Civ. App. - Waco 1972, no writ)."). *See also* Blue Lagoon Development, LLC v. Maury, 176 So. 3d 285 (Fla. Ct. App. 3d Dist. 2015)("In the absence of an express agreement otherwise, a debtor owes his creditor nothing less than the unconditional delivery of money on or before the last day specified for payment."), *citing* Treasure Coast, Inc. v. Ludlum Constr. Co., 760 So. 2d 232, 234 (Fla. Ct. App. 4th Dist. 2000) and Enriquillo Export & Import, Inc. v. M.B.R. Indus., Inc., 733 So.2d 1124, 1127 (Fla. Ct. App. 4th Dist. 1999); Treasure Coast, Inc. v. Ludlum Constr. Co., 760 So. 2d 232, 234-35 (Fla. App. Ct. 4th Dist. 2000)("When commercial parties agree that the debtor shall pay the creditor on or before a specific date, time being of the essence, they mean exactly that. The debtor shall deliver money to the creditor on or before the due date. There is almost always no such thing as 'substantial performance' of payment between commercial parties when the duty is simply the general one to pay. Payment is either made in the amount and on the due date, or it is not. Although the agreement in this case did not contain a 'time is of the essence' clause, the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date."; internal citations omitted); Farnsworth, CONTRACTS, p. 618 (Little, Brown & Co. 1982)(contract which states that party must perform on specified date requires performance on that date and none other), *citing* Oshinsky v. Lorraine Mfg. Co., 187 F. 120, 121 (2d Cir. 1911)(contract providing for delivery of goods "at a specified date, followed by specification of a date, requires delivery upon that date and none other."); Mitsubishi Goshi Kaisha v. J. Aron & Co., 16 F.2d 185, 186 (2d Cir. 1926)(Learned Hand, J.)("There is no room in commercial contracts for the doctrine of substantial performance.").

The second indicator that the parties intended that time was of the essence is

plaintiff's counsel's letter to defense counsel dated 1 April 2016 in which the defense lawyer was reminded, "The first $2,000.00 payment is due to me on 15 April 2016." [ECF doc. 50-1, p. 1]

The third indicator that time was of the essence is the defense lawyer's 15 April 2016 email recognizing that 15 April 2016 was the deadline for payment of the first installment, but that the deadline was temporarily suspended because of the unrequested stay entered on 11 April 2016.  [ECF doc. 55-1]  "When parties to a contract enter into a new agreement extending the time for performance of the contract, this is evidence that they consider time to be material."  Gunn v. Heggins, 964 So. 2d 586, 592-93 (Miss. Ct. App. 2007), citing Enclave, Inc. v. Resolution Trust Corp., 986 F.2d at 133.  While the parties did not contract for a later date for the defendants' performance, the subject matter of the defense lawyer's 15 April 2016 email deals with a later date for performance because the stay entered on 11 April 2016 temporarily suspended performance.  The defense lawyer's email is evidence that he and the defendants understood time was of the essence regarding payment of the installment payments.

The fourth indicator that the defendants know and understand that time was of the essence is the flurry of activity by the defendants once they were served with the motion to rescind the settlement agreement and the various posturing by the defendants to make it appear that they are working diligently to comply with their contractual obligations, such as the 4 May 2016 letter to the magistrate judge asking for after-the-fact "guidance" [ECF doc. 49],  the defendants' pointing out in their response to the motion to rescind the settlement agreement that the second installment payment was paid into the court's registry on 12 May 2016 ahead of the 15 May 2016 date of performance stated in the settlement agreement and release [ECF doc. 55, n. 3], and the defendants filing a motion

to enforce the settlement agreement, despite their being in breach, on 18 May 2016 [ECF doc. 53].

A breach is material where there is a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats the purpose of the contract.  Ferrara v. Walters, 919 So. 2d 876, 886 (Miss. 2005), *citing* Gulf South Capital Corp. v. Brown, 183 So. 2d 802, 805 (Miss. 1966). Where time is of the essence and a party fails to perform his or her contractual obligations in accord with the time constraints of the contract, the party's failure to perform is a material breach of the contract.  *See* Webster v. Mississippi Publishers Corp., 571 So. 2d 946, 955 (Miss. 1990)(Robertson, J. dissenting; "Without doubt, significant failure to make timely delivery would constitute a material breach, authorizing MPC to terminate Savell without notice.").  *See also* Gaia House Mezz LLC v. State Street Bank and Trust Co., 720 F.3d 84, 94 (2d Cir. 2013)(where time is of essence, performance on specified date is material element of contract and failure to perform on that date constitutes material breach of contract); Centurion Air Cargo v. United Parcel Service Co., 420 F.3d 1146, 1151 (11th Cir. 2005)(to constitute material breach, late payment must occur where time is of essence); Retrofit Partners I, L.P. v. Lucas Indus., Inc., 201 F.3d 155, 160 (2d Cir. 2000)(where time is of essence, "failure to comply with the time requirement will be considered to be a material breach of the agreement"); Whispering Pines of Royal Palm Beach Homeowners Association, Inc. v.  Comcast Cable Communications, LLC, No. 13-80142-CIV-MARRA /MATTHEWMAN (S.D. Fla. June 20, 2014 - Order on motion to dismiss)("When time is determined to be of the essence of the contract, then the breach of the time provision is a material breach of the contract.").  In the instant case, time was of the essence concerning the defendants obligation to pay the installment payments on specific dates.

It is undisputed that the defendants failed to pay the plaintiff the first installment payment within four days of the lifting of the stay on 26 April 2016.  Payment of the installments was a material term of the settlement agreement.  The defendants' failure to pay the first installment to the plaintiff was, therefore, a material breach of the settlement agreement.

Termination or rescission of a contract is permitted for a material breach.  *See* Olin Corp. v. Central Industries, Inc., 576 F.2d 642, 648 (5th Cir. 1978)("The breach of contract for which rescission should be decreed must be one, not occasional and immaterial only, but one going to the very substance of the contract."), *citing* Light, Heat & Water Co. v. City of Jackson, 19 So. 771 (Miss. 1895).  "As to the character or kind of breach or default warranting rescission, there may be a rescission if there is a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats its purpose." Gulf South Capital Corp. v. Brown, 183 So. 2d at 805, *citing* 17 AM. JUR. 2D *Contracts* § 504.  *See also* 2 E. Allan Farnsworth, FARNSWORTH ON CONTRACTS § 8.16 at 442 (2d ed. 1990)(recognizing that substantial performance is performance without a material breach, and a material breach results in performance that is not substantial).  In the instant case, rescission of the settlement agreement is the proper remedy since it is undisputed that the defendants failed to perform a substantial part of the contract or one or more of the essential terms or conditions of the contract.  Payment of the installment payments on or before the specified dates was the key material or essential term of the settlement agreement and the defendants breached that term of the settlement agreement by failing to pay the first installment payment in accord with their contractual obligation.

The plaintiff submits that the following questions and answers will help resolve the issues presented in the motion to rescind the settlement agreement.

| Question | Answer |
|---|---|
| Did the defendants have an unconditional obligation to deliver a $2,000 payment to the plaintiff on 15 April 2016? | Yes. |
| When the stay was entered on 11 April 2016, how much time did the defendants have remaining for payment of the first $2,000 installment payment? | Four days. |
| When the stay was lifted on 26 April 2016, how much time did the defendants have to pay first $2,000 installment payment? | Four days. |
| When the stay was lifted on 26 April 2016, what was the deadline for the defendants to pay first $2,000 installment payment? | 30 April 2016. |
| If Rule 6(a) applies and the Saturday, 30 April 2016 deadline rolled forward to Monday, 2 May 2016, what was the deadline for the defendants to pay first $2,000 installment payment? | 2 May 2016. |
| Did the defendants deliver to the plaintiff the first $2,000 installment on 30 April 2016? | No. |
| Did the defendants deliver to the plaintiff the first $2,000 installment on 2 May 2016? | No. |
| Was there a force *majeure* which prevented the defendants from paying the first $2,000 installment payment? | No. |
| Does a minimally competent lawyer know how to compute time when a stay is involved which temporarily suspends performance of obligations of the parties? | Yes. |
| Does having the money positioned with the defense lawyers, as alleged by the defendants, satisfy the defendants' contractual obligation to deliver payment to the plaintiff on the specified dates? | No. |

3. ***Conclusion.*** This case must be decided with a dispassionate study of the record, not on mere advocacy statements of counsel in the motion documents. *See* Oakwood Homes Corp. v. Randall, 824 So. 2d 1292, 1293, ¶3 (Miss. 2002)(cases must

be decided on facts shown in record, not by assertions in briefs); Harveston v. State, 493 So. 2d 365, 373 (Miss. 1986)("A dispassionate study of this record has led us to the view that only by bending the rules -- rules we have enforced against so many others -- may we reverse.").  The record in this case shows that the defendants' failure to pay timely the first $2,000.00 installment payment was the result of the their own lack of initiative or their own indifference in calculating the payment due date taking into account that there were four days remaining for the defendants to pay the first installment when the stay was entered on 11 April 2016, meaning that when the stay was lifted on 26 April 2016, the defendants had until 30 April 2016 to deliver their first payment to plaintiff's counsel.  The facts and circumstances in this case show that the parties understood that time was of the essence regarding the defendants paying the installment payments on the specified dates.  Since time was of the essence, the defendants' failure to pay timely the first installment payment was a material breach of the settlement agreement.  Rescission of a contract is the proper remedy for a material breach; therefore, rescission of the settlement agreement in this case is the proper remedy.

The plaintiff respectfully requests that the court grant the motion to rescind the settlement agreement.

Respectfully submitted,

U-SAVE AUTO RENTAL OF AMERICA, INC.

/s/ John B. Gillis
_____

JOHN B. GILLIS
MISSISSIPPI BAR NO. 8694

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 25 May 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notice of the filing and a link to the document to:

Dorsey R. Carson, Jr.
Julie C. Skipper
David S. Humphreys
Carson Law Group, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
dcarson@thecarsonlawgroup.com
jskipper@thecarsonlawgroup.com
dhumphreys@thecarsonlawgroup.com

/s/ John B. Gillis
_____
JOHN B. GILLIS

JOHN B. GILLIS
ATTORNEY-AT-LAW
POST OFFICE BOX 185
WATER VALLEY, MISSISSIPPI 38965-0185
(662) 816-5991
jbgillis@johngillislaw.com