IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**U-SAVE AUTO RENTAL OF AMERICA, INC.**            **PLAINTIFF**

**V.**            **NO. 3:14-CV-792-HTW-LRA**

**MERIT ASSOCIATES, INC.,**
**WILLIAM C. BURCH, III,**
**AND JOHN DOES 1-10**            **DEFENDANTS**

**REPLY IN SUPPORT OF DEFENDANTS' SECOND**
**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

The defendants, Merit Associates, Inc., and William C. Burch, III, submit this reply in support of their Second Motion to Enforce Settlement Agreement:

The defendants' second motion to enforce the parties' settlement seeks enforcement of the settlement requirement that: "[t]he temporary preliminary injunction that's been entered by consent in this case will be turned and made into a permanent injunction…" *See* Sealed Transcript, Doc. 46-1, at P. 2, lines 17-20. The plaintiff took the opportunity, on pages 1 through 5 of its opposition brief, to argue previously fully-briefed pending motions on: (1) the release required under the parties' settlement agreement and (2) whether the parties' settlement should be rescinded due an alleged nonpayment of settlement proceeds. *See* the plaintiff's opposition brief [Doc. 57, pages 1-5]. The dispute regarding the language of the required release has been fully briefed, to say the least [*See* Docs. 38, 40, 42, 46, 51, and 52] and resolved once already by Judge Roper [Doc. 44].[1] The dispute over the alleged nonpayment of settlement proceeds was also previously resolved by Judge Roper [TEXT ONLY ORDER of May 6, 2016], and has also been more than

---

[1] Judge Roper's ruling on the language of the release is the subject of a pending appeal by the plaintiff [*See* Docs. 45, 46, 51, and 52].

1

fully briefed [*See* Docs. 48, 49, 50, 55, and 56].[2]  Accordingly, this reply will not add to such prior rulings and glut of prior briefing, and the defendants instead incorporate by reference their previous briefs on those topics.

Regarding the subject of the instant motion—the permanent injunction required under the parties' settlement agreement—the plaintiff's opposition attempts to argue that, despite Judge Roper's ruling that the preliminary injunction "be turned and made into a permanent injunction" [*see* Sealed Transcript, Doc. 46-1, at P. 2, lines 17-20], an important paragraph in the preliminary injunction should be omitted from the permanent injunction.  The paragraph that the plaintiff seeks to omit from the permanent injunction is the following paragraph 13:

> 13. The findings herein do not affect the ultimate merits of this case, upon which the Court expresses no view whatsoever.  No statement herein shall be construed in any manner as any finding or admission of liability.

[Dkt. No. 26].

The plaintiff's contention that paragraph 13 should be omitted in the permanent injunction relies on three arguments:

1. Paragraph 13 should be omitted because the plaintiff is not seeking a "disposition on the merits" or "confession of liability" (Plaintiff's opposition brief [Doc. 57, pages 5-7]);

2. Because paragraph 13 was not specifically addressed in Judge Roper's March 15 or April 8 rulings, paragraph 13 was not specifically "bargained for" in the parties' settlement and therefore should be omitted (*Id.* at pages 7-9); and

3. Language similar to paragraph 13 was not included in the permanent injunctions entered in five other random, unrelated cases (*Id.* at page 9 and examples provided at Exhibit 3 [Doc. 57-3]).

As addressed below, each of these arguments is without merit.

---

[2]  Moreover, the settlement proceeds at issue are currently sitting safely in the Court's registry (pursuant to Judge Roper's Order), available for the plaintiff pending resolution of the pending motions and confirmation of the parties' settlement agreement.

As an important aside, the plaintiff's opposition brief did not dispute the defendants' contention in this motion that, while the permanent injunction should make permanent the prohibition of acts previously prohibited by the preliminary injunction, it should *not* otherwise address the factual claims and legal theories that were at issue in the parties' dispute. Accordingly, should the instant motion be granted, the Court should enter the proposed preliminary injunction that was submitted to the Court when the instant motion was filed.[3]

## ARGUMENT

### A. By the Plaintiff's Own Admission, the Plaintiff Seeks for the Permanent Injunction to be a "Disposition on the Merits" and "Confession of Liability;" Therefore, Paragraph 13 Must Be Included to Reflect the Parties' Settlement.

The plaintiff's own correspondence that led to the filing of this motion debunks the plaintiff's claim, on page 7 of its opposition brief, that it is not seeking "a confession of liability or a finding of disposition on the merits." In the letter attached as Exhibit A to the defendants' initial brief in this motion [Doc. 54-1], the plaintiff's counsel rejected a version of the permanent injunction proposed by the defendants by writing:

> The form of the permanent injunction order is unacceptable. Paragraph 13, which you unilaterally added to the document that I drafted, is contrary to the law because a *permanent injunction is by definition a disposition on the merits*.

[Doc. 54-1 (emphasis added)]. The letter then cited law on the standards for a permanent injunction when a case has been decided on the merits, which is inapplicable here, where a

---

[3] The plaintiff's opposition brief discusses, and includes as exhibits, two versions of proposed permanent injunctions that were traded between the parties during the failed negotiations that led to this motion. To be perfectly clear, this motion does not seek to have either of those versions entered. The defendants' counsel, prior to filing this motion, sent an email to plaintiff's counsel revoking all prior proposals for the proposed permanent injunction. Instead, this motion seeks, and provided authority in support, to have the proposed permanent injunction entered that was submitted to the Court at the time the instant motion was filed.

3

permanent injunction is part of a pre-trial settlement.  Plaintiff counsel's letter concluded by stating:

> The term of the settlement agreement requiring the defendants to agree to the entry of a permanent injunction merely bypassed either a decision on U-Save's motion for partial summary judgment on liability and a trial on damages or a trial on all issues. The disposition of the lawsuit, by agreement, is a *disposition on the merits*. Implicit in the defendants' agreement to the entry of a permanent injunction is the defendants' *confession of liability* for violating federal trademark law. Paragraph 13 which you added to the draft of the document that I prepared is language used only in preliminary injunctions because there has been no disposition on the merits at the time a preliminary injunction is entered.

*Id.* (emphasis added).[4]

Despite this position in plaintiff counsel's letter of April 27, 2016, the plaintiff now argues in its opposition brief that the preliminary injunction proposed by the plaintiff (which omits paragraph 13) "does not seek a confession of liability or a finding of disposition on the merits." Plaintiff's Response, page 7 [Doc. 57].  Accordingly, the plaintiff has now argued that the permanent injunction both *is* and *is not* a disposition on the merits and a confession of liability, with both contradictory arguments made in support of omitting paragraph 13.  The defendants prefer that paragraph 13 remain, in accordance with Judge Roper's ruling, and to protect the defendants from the plaintiff's shifting positions and whatever action the plaintiff is planning that would be facilitated by omission of paragraph 13 from the permanent injunction.

### B. The Paragraph 13 Language Should Remain in the Permanent Injunction in Order to Effect the Parties' Agreement that the Preliminary Injunction "Be Turned and Made Into a Permanent Injunction."

The plaintiff's second argument in favor of omitting paragraph 13 from the permanent injunction—that, because paragraph 13 was not specifically addressed in Judge Roper's March 15

---

[4] As demonstrated by the cases cited in the defendants' initial memorandum in support of this motion [Doc. 54], the assertions in the language quoted from the plaintiff counsel's letter are unsupported by law, and the cases cited in the letter are inapplicable where, as here, the permanent injunction results from the parties' pre-trial settlement.

or April 8 rulings, it wasn't "bargained for" and should be excluded from the permanent injunction—fails logically. In his ruling confirming the settlement, Judge Roper described this portion of the parties' settlement as follows:

> The temporary *preliminary injunction* that's been entered by consent in this case will be *turned and made into a permanent injunction* and the counsel for the plaintiff will draw up that permanent injunction for entry by agreement in the case as part of the settlement.

[Doc. 46-1, Page 2, Lines 17-22] (emphasis added).

The plaintiff is correct that Judge Roper's ruling did not specifically mention paragraph 13. In fact, it did not specifically mention *any* paragraph in the preliminary injunction. Thus, for example, it did not mention paragraph 12 either, which is the paragraph that describes the acts to be prohibited by the injunction. Presumably, the plaintiff wants paragraph 12 included in the permanent injunction even though it was not specifically mentioned in Judge Roper's ruling. Instead, Judge Roper's ruling describes the parties' settlement as requiring that the preliminary injunction "will be turned and made into a permanent injunction." The logical conclusion is that paragraph 13 should be included when the preliminary injunction is made permanent.

The fact that Judge Roper's ruling did not specifically mention paragraph 13 does *not* support its omission from the permanent injunction, but it *does* support its inclusion. Had the plaintiff wanted to omit such an important paragraph from the permanent injunction, the plaintiff had the burden, and every opportunity, to raise the issue at the settlement conference and include it on the record made by Judge Roper at the conclusion of the settlement conference. This is similar to the issue in the defendants' first motion to enforce the settlement [Doc. 38]. There, in granting the defendants' first motion to enforce the settlement, Judge Roper ruled that the plaintiff was required to provide a general release of all claims against these defendants, reasoning in part as follows:

5

> There was no discussion at any time during the settlement conference that the plaintiffs sought to preserve breach of franchise agreement claims covered by arbitration. At the time this settlement agreement was placed on the record, nothing was said whatsoever regarding the potential of arbitration claims that might be brought at some future date.
>
> It's clear to me that it was the intention of the parties, at least as I understood it, that all claims whatsoever dealing with this entire franchise agreement, whether they be by arbitration or by claims brought in the lawsuit, were settled at this conference. I agree with the defendants' position that had the settlement been limited to claims only in the lawsuit, there would have been no need to have required a release of plaintiff's potential claims against Mr. Brandon as a condition of settlement, which was clearly a condition and stated on the record.
>
> I think ***there arises at least some obligation on the part of the plaintiffs to preserve any claims*** that you are of the opinion should not be included in the settlement agreement. Normally the case is settled with a general release of all claims that are known or unknown, and ***I think plaintiff has a duty, either while the settlement is going forward or certainly when you have the opportunity on the record, to put anything else into the record at that time that you were preserving*** your arbitration claims that were not included in those claims brought in the lawsuit.

[Doc. 51-1, P. 8, lines 23-25, P. 9, lines 1-23] (emphasis added). [5] Similarly here, had the plaintiff wanted to omit paragraph 13 from the permanent injunction, the plaintiff had the burden, and ample opportunity, to raise the issue at the settlement conference and put it on the record.

As the record stands, there is no mention of the plaintiff's alleged desire to omit paragraph 13; instead, Judge Roper recorded the parties' settlement merely as requiring that the preliminary injunction "be turned and made into a permanent injunction," and the plaintiff raised no objection at that time and did not otherwise indicate a desire to omit paragraph 13. Accordingly, like the plaintiff's post-settlement attempt to preserve claims against the defendants outside the settlement, the Court should not allow this post-settlement attempt by the plaintiff to re-write the consent preliminary injunction.

---

[5] The plaintiff has appealed this April 8 ruling and Order by Judge Roper [*See* Docs. 45, 46, 51, and 52].

The plaintiff also contends that paragraph 13 should be omitted because Judge Roper's Order of April 8, 2016, also did not mention it. Again, Judge Roper's April 8 Order denied the plaintiff's post-settlement attempt to preserve claims outside the release required under the settlement. *See* Order [Doc. 44] and transcript of the telephonic hearing [Doc. 51-1] (quoted above). Accordingly, Judge Roper's April 8 ruling and Order have no bearing here, except to the extent that they enforced the parties' settlement agreement as a whole.

### C. *The Five (5) Random Examples of Permanent Injunctions from Other Unrelated Cases Submitted by the Plaintiff Are Irrelevant to the Parties' Settlement Here, and the Plaintiff Has Otherwise Offered No Authority to Support Omission of Paragraph 13.*

Despite the plaintiff's lengthy attempt to distinguish the cases cited in the defendants' memorandum (*see* plaintiff's opposition brief, pages 9-16), the cases cited by the defendants certainly stand for the proposition that, as part of a settlement agreement, a court can enter a permanent injunction in which the defendants deny liability. *See, e.g., Chathas v. Local 134 IBEW,* 233 F.3d 508, 511-13 (7th Cir. 2000) ("The obvious counterexample is a permanent injunction entered pursuant to a consent agreement in which the defendants deny liability… In such a case there is no adjudication of the merits, yet the injunction is valid." (internal citation omitted)). The plaintiff, on the other hand, cited no authority that would prohibit inclusion of the paragraph 13 disclaimers of liability in the permanent injunction entered in this case.

The only "authorities" cited by plaintiff were five examples of permanent injunctions from other random, unrelated cases that presumably did not contain disclaimers of liability. The defendants could provide at least as many, and many more, counter-examples of permanent injunctions resulting from settlements that include the settling parties' disclaimer of liability. The first page of a simple Google.com search yielded the three examples attached hereto as cumulative Exhibit A, each of which contain a disclaimer of liability by the settling defendants. Accordingly,

7

the plaintiff's five random, self-serving examples of permanent injunctions have no bearing on this case, wherein the parties agreed that their prior consent preliminary injunction would be turned and made into a permanent injunction.

## **CONCLUSION**

The plaintiff's opposition brief attempts to inaccurately describe what the parties "bargained for" regarding the permanent injunction. What the defendants clearly did not "bargain for" was that the plaintiff would continue to unnecessarily and unreasonably dispute, hinder, and litigate the parties' settlement. Through what has now been over two-and-a-half months of *post-*settlement litigation, the defendants have already lost much of the benefit expected from their settlement in the form of resources that should have been saved by not continuing this litigation. Accordingly, the defendants respectfully request that the Court end this seemingly endless post-settlement conflict.

With the filing of this reply, all post-settlement motions have now been fully briefed. The release of claims required by the parties' settlement and Judge Roper's April 8 Order has been executed by the plaintiff. The Court has in its registry the settlement funds currently required under the parties' settlement agreement. Therefore, the settlement can finally be given effect, and the defendants can begin receiving the benefit of their settlement, should the Court deem it proper and take the following actions:

1. deny the plaintiff's motion to review Judge Roper's ruling on the language of the release [Doc. 45],

2. deny the plaintiff's motion to vacate and rescind the settlement [Doc. 47], and

3. grant this second motion to enforce the settlement by entering the permanent injunction proposed by the defendants when this motion was filed.

## ATTORNEYS' FEES AND COSTS

This motion, and other post-settlement filings by the defendants, request an award of attorneys' fees and costs incurred by the defendants to enforce the parties' settlement. Judge Roper's ruling describing the settlement stated in part:

> I consider the case settled. I will enforce the settlement. ***I will assess attorneys fees and costs*** upon either side that doesn't comply with the terms of the settlement or if you have to come back to the court for any reasonable not complying with the settlement, the attorneys fees will be assessed ***against the party that is at fault*** in the case.

[Doc. 47-1, page 4, lines 8-14] (emphasis added). During the first post-settlement hearing on April 8, 2016, in which the defendants' first motion to enforce the settlement was granted, Judge Roper declined to award attorneys' fees to the defendants at that time, stating as follows:

> I don't feel at this juncture that it's necessary to allow any attorney's fees. We've done this by phone to save the parties from having to come to the Coast or for me to come to Jackson, so I don't think there's been any great expenditure, but the Court, of course, reserves the right to assess attorney's fees and costs if we have any further problems in the final resolution of this case to settlement….

[Doc. 51-1, page 10, lines 8-14]; s*ee also* Order [Doc. 44].

Since that April 8 ruling and Order entered by Judge Roper, the defendants' attorneys have been required to file six (6) additional lengthy pleadings (including this reply brief), participated in another telephonic hearing, and exchanged numerous emails and letters with the plaintiff's counsel, all in efforts to enforce the parties' settlement. Such efforts since April 8 have resulted in significant additional attorneys' fees and costs to the defendants that, through June 7, 2016, total $13,618.80, as evidenced by the affidavit of defendants' counsel, David S. Humphreys, attached as Exhibit B. Accordingly, and in accordance with Judge Roper's rulings quoted above, the defendants respectfully request an award of attorneys' fees and costs in the amount of $13,618.80, and for such other and further relief that the Court deems proper in the premises.

9

This the 8th day of June, 2016.

By: */s/David Humphreys*
Dorsey R. Carson, Jr. (MS Bar #10493)
David Humphreys (MS Bar #100085)
Julie C. Skipper (MS Bar #101591)
*Attorneys for Defendants*
MERIT ASSOCIATES, INC., AND WILLIAM C. BURCH, III

**OF COUNSEL:**
CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
(601) 351-9831 / Telephone
(601) 510-9056 / Facsimile
dcarson@thecarsonlawgroup.com
jskipper@thecarsonlawgroup.com
dhumphreys@thecarsonlawgroup.com

**CERTIFICATE OF SERVICE**

I, David Humphreys, certify that on June 8, 2016, I electronically filed the foregoing pleading with the Clerk of Court using the ECF system, which automatically sent notification to all counsel of record:

John B. Gillis, Attorney
221 Market Street
P.O. Box 185
Water Valley, MS 38965
T: 662-816-5991
Email:  jbgillis@johngillislaw.com

                                                */s/David Humphreys*
                                                OF COUNSEL