UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

U-SAVE AUTO RENTAL OF AMERICA, INC.     )
                                        )
    PLAINTIFF                           )
                                        )
V.                                      )   NO. 3:14-CV-792-HTW-LRA
                                        )
MERIT ASSOCIATES, INC., WILLIAM C.      )
BURCH, III, AND DOES 1-10               )
                                        )
    DEFENDANTS                          )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
PART OF DEFENDANTS' REPLY TO RESPONSE TO SECOND
MOTION TO ENFORCE SETTLEMENT**

    1.  The plaintiff submits that the part of the defendants' reply to response to second motion to enforce settlement requesting attorney's fee [ECF doc. 59, p. 9, attorney's fees and costs section] and exhibit 2 to that reply document [ECF doc. 59-2] must be stricken because the subject matter was first raised in rebuttal.

    2.  "Normally the Court would not entertain this portion of the motion because it was raised in rebuttal."  Smith v. Potter, No. 3:08cv660-DPJ-JCS (S.D. Miss. Sept. 28, 2009 - Order on motion to dismiss).  "The evidence he submitted in reply may be more substantive, but courts generally do not consider new issues raised in reply."  Lyon v. Canadian Natl. Ry. Co., No. 4:10CV185-DPJ-FKB (S.D. Miss. Apr. 10, 2012).  *Cf.* Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994)("An appellant abandons all issues not raised and argued in its initial brief on appeal.").

    3.  The plaintiff submits that the attorney's fees and costs section at page 9 of the defendants' reply document must be stricken because the subject of attorney's fees was raised for the first time in rebuttal.  The defendants stated:  "This motion, and other post-

settlement filings by the defendants, request[s] an award of attorneys' fees and costs incurred by the defendants to enforce the parties' settlement." [ECF doc. 59, p. 9]  This statement is not true.  The defendants' second motion to enforce settlement agreement [ECF doc. 53] is comprised of three sentences.  There is no request for attorney's fees in any of the three sentences.  The defendants' memorandum in support of their second motion to enforce settlement [ECF doc. 54] makes no request for attorney's fees.  Simply reviewing the motion document and supporting memorandum shows that the defendants falsely stated that they had requested attorney's fees in their second motion to enforce settlement.  This is not the first time the defendants have made misrepresentations to the court in an effort to influence the disposition of pending motions.

    4.   In their previously filed letter brief [ECF doc. 49], the defendants stated that they were being subjected to "[p]laintiff's almost daily barrage of new papers." [ECF doc. 49, p. 1, first real para.]  As explained in the plaintiff's response to the letter brief [ECF doc. 50, p. 4, ¶3], the defense lawyer's suggestion that there has been an "almost daily barrage" of "new papers" being sent by plaintiff's counsel is a misrepresentation because the truth is during the 49-day period between the settlement conference and 3 May 2016, the undersigned sent three letters to the defense lawyers and filed three motions. Three letters and three motions over 49 days is not a barrage.  At footnote 1 of the defendants' letter brief, the defense lawyer wrote: "[The] [p]laintiff earlier filed a [m]otion for [r]eview of [m]agistrate [j]udge's [o]rder (Dkt. No. 45) on April 22, 2016. This filing was in violation of the [c]ourt's stay of proceedings entered -- at [p]laintiff's counsel's own request -- on April 11, 2016."  In the first real paragraph on page two of the letter brief, the defense lawyer wrote:  "As the [c]ourt is aware, the delay was due to [p]laintiff's counsel requesting a stay for personal reasons related to his brother's health, which was granted by the [c]ourt's

[o]rder staying these proceedings on April 11, 2016." At footnote 2 of the letter brief, the defense lawyer wrote: "Much like when [p]laintiff violated the very stay it requested, here, too, the [p]laintiff's modus operandi is one of contradictions." All of the foregoing statements are untruthful. As explained in the plaintiff's response to the letter brief [ECF doc. 50, pp. 4-5, ¶4], at no time has the undersigned requested a stay for any reason. The magistrate judge tasked to conduct the settlement conference entered an order on 11 April 2016 at 3:09 p.m. staying, "all requirements and deadlines regarding the settlement in this matter are stayed until further notice." This stay was ordered *sua sponte* and not at the request of plaintiff's counsel. The defendants have a track record of deceitful conduct. For example, the defendants lied to consumers about still being a U-Save franchise after termination of the franchise. [ECF doc. 29-8 - Merit letter to customers misrepresenting that Merit still doing business as a U-Save franchise despite termination of franchise] The defendants also lied to a customer renting a car from their Myrtle Beach airport location falsely stating that the car he was renting was a U-Save car. [ECF doc. 29-10 - Gerry Foster declaration detailing visit to defendants' Myrtle Beach locations on 1 October 2015 and being lied to regarding the car he was renting was a U-Save rental car] On 13 November 2014, the defendants, through an agent, misrepresented that they had, "taken action to totally de-identify as a U-Save affiliate." [ECF doc. 17-1] The truth is the defendants were still using unlawfully the U-Save trademarks as late as 19 November 2014 [ECF doc. 10-6] and 24 November 2014 [ECF doc. 10-7].

    5. The plaintiff requests that the court grant the motion to strike and enter an order striking the part of the defendants' reply to response to second motion to enforce settlement requesting attorney's fee [ECF doc. 59, p. 9, attorney's fees and costs section] and exhibit 2 to that reply document [ECF doc. 59-2] on the ground that the attorney's fees

subject matter was first raised in rebuttal.

Respectfully submitted,

U-SAVE AUTO RENTAL OF AMERICA, INC.

/s/ John B. Gillis

_____

JOHN B. GILLIS
MISSISSIPPI BAR NO. 8694

JOHN B. GILLIS
ATTORNEY-AT-LAW
POST OFFICE BOX 185
WATER VALLEY, MISSISSIPPI 38965-0185
(662) 816-5991
jbgillis@johngillislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 14 June 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notice of the filing and a link to the document to:

Dorsey R. Carson, Jr.
Julie C. Skipper
David S. Humphreys
Carson Law Group, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
dcarson@thecarsonlawgroup.com
jskipper@thecarsonlawgroup.com
dhumphreys@thecarsonlawgroup.com

/s/ John B. Gillis

_____

JOHN B. GILLIS