IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. | PLAINTIFF |
| VS. | CIVIL ACTION NO.: 3:14CV792HTW-LRA |
| MERIT ASSOCIATES, INC. and WILLIAM C. BURCH, III | DEFENDANTS |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the Court on the Plaintiff's Motion to Vacate and Rescind Settlement Agreement [47] and the Defendants' Second Motion to Enforce Settlement Agreement [53]. These Motions stem from a dispute among the parties over the scope of the settlement agreement entered into after a conference with the undersigned on March 15, 2016. That dispute led to the parties' failure to prepare a release and a Permanent Injunction that was agreeable to all parties; as a result, the Plaintiff has not received any settlement funds from the Defendants. For the reasons more fully set forth below, the undersigned recommends that the Plaintiff's Motion be denied, and the Defendants' Motion granted.

Plaintiff U-Save Auto Rental is a Mississippi corporation engaged in selling, renting, and leasing automobiles. It maintains a network of franchisees throughout the country. Defendant Merit Associates, Inc. is a South Carolina corporation that was formerly a U-Save franchisee. Defendant Burch is a shareholder in Merit Associates. U-Save terminated Merit as a franchisee by a letter dated September 5, 2014, for non-payment and default on a promissory note and for violation of the exclusive dealing provision of the franchise agreement. On October 14, 2014, U-Save filed its Complaint in this case, alleging that Merit continued to use U-Save's trademarks in its business and

seeking damages for that use and injunctive relief. Merit and Burch denied that U-Save was entitled to injunctive relief, arguing that Merit had by that time removed all of the U-Save trademarks that had been used in its business, so there was no activity to enjoin. Ultimately, the parties collaborated on a Consent Preliminary Injunction. A few months after that Order was entered, U-Save filed a Motion for Partial Summary Judgment on Liability. Nothing occurred in the case for several months thereafter, until Defendants retained new counsel, at which time a settlement conference was scheduled for March 15 of this year.

The settlement conference was conducted by the undersigned. Counsel for both parties attended, as did Gerry Foster, Franchise Services Manager and corporate representative for U-Save, and William C. Burch, III. The conference culminated in the parties' reaching a settlement, and the Court put the terms of that settlement on the record. Before doing so, the Court recognized the conference's participants and asked each of them to identify themselves for the record. The attorneys, Foster, and Burch all did so. The Court then recited the following terms into the record:

> The terms of the settlement are simple and straightforward. The temporary preliminary injunction that's been entered by consent in this case will be turned and made into a permanent injunction and the counsel for the plaintiff will draw up that permanent injunction for entry by agreement in the case as part of the settlement.
>
> In addition, the defendant will pay the sum of $8,000 spread out over 120 days or four-month period at the rate of $2,000 per month, $2,000 per month. The other guarantors will also be released. Release is also drawn up by the attorney for the plaintiff, sent to the defense attorneys for approval. The monies will be paid through the defense attorney.

The Court asked whether U-Save wished to add any terms, and counsel asked that the first payment be due in thirty days, which the Court put on the record. The Court announced that it would retain jurisdiction over the case and that there was no prevailing party, and, therefore, no attorneys' fees

or costs would be awarded. The Court also emphasized to Defendant Burch his obligation to pay $2,000 per month until the entire settlement amount of $8,000 was paid.

Within a few weeks, a dispute arose among the parties over the terms of the settlement, when U-Save tendered a proposed release that did not include claims for breach of the franchise agreement. Merit and Burch took the position that the release should be phrased in more general terms, to release all claims, known and unknown, that arose from the franchise relationship among the parties. They filed a Motion to Enforce Settlement, and, on April 8, the Court conducted a telephonic hearing on the Motion. U-Save's counsel argued that his client never intended to settle any claim other than those related to the trademark issues; Merit and Burch's counsel reiterated that his clients intended to settle all claims, which was why they asked that the non-party guarantor also be released. The undersigned issued a ruling at the conclusion of the arguments, finding for Merit and Burch and stating:

> So it's going to be the ruling of the Court that the plaintiff must sign a general release of all claims, both known and unknown, that were brought or could have been brought in any form against any party, including all guarantors, arising from the plaintiff's franchise relationship with these defendants and Mr. Brandon. So that will be the ruling of the Court, and I'll enter an order accordingly.

A timeline of subsequent relevant events follows:

> April 8    After the hearing, U-Save's attorney sends an email to Merit and Burch's counsel, copying the undersigned, that states, in part:
>
>> I received word last night that my oldest brother is hospitalized in Gainesville, FL and is not expected to live for more than a couple of days. I'll be unavailable through next week. I don't want you or anyone else in your firm pestering me. I may have time over the next few days to draft and file an objection to the magistrate judge's order

3

>  issued this morning.  Please don't take that
>  as an invitation to pester me and don't
>  conclude that I am somehow available while
>  I'm still out of town.

Merit and Burch's counsel replies, also copying the undersigned, "I am sincerely sorry to hear about your brother. Take all of the personal time you need. We will hold off on all matters related to the settlement until we hear back from you."

| | |
|---|---|
| April 11 | The undersigned notifies his staff that, based on these circumstances, a text only Order should be entered staying all deadlines and requirements, and the Order is entered |
| April 15 | Merit and Burch's counsel notifies U-Saves attorney that the first installment of the settlement funds has been received and deposited in the firm's trust account, pending resolution of the dispute over the release |
| April 22 | U-Save files a Motion for Review of Magistrate Judge's Order |
| April 26 | The stay is lifted; attorney for Merit and Burch send a release and a proposed permanent injunction to U-Save's counsel.  Although conversion of the temporary injunction into a permanent injunction caused a change in some of the wording, all of the substantive requirements of the preliminary injunction were included in the proposed permanent injunction |
| April 27 | U-Save's counsel sends a letter to Merit and Burch's attorney objecting to a provision in proposed permanent injunction that states: |

>  The findings herein do not affect the
>  ultimate merits of the case, upon which the
>  Court expresses no view whatsoever.  No
>  statement herein shall be construed in any
>  manner as any finding or admission of
>  liability.

| | |
|---|---|
| May 2 | U-Save's attorney returns the executed release; the cover letter states that executing the release is not a concession that a settlement agreement was reached:  "U-Save and I are only complying with the magistrate judge's 8 April 2016 order requiring execution of a release.  U-Save will continue prosecution of its appeal of the magistrate judge's order and will seek to have that order vacated which, in turn, will void any purported settlement agreement." |

| | |
|---|---|
| May 3 | U-Save files a Motion to Vacate and Rescind Settlement Agreement, on grounds that the first installment payment was untimely tendered and Merit and Burch failed to sign the proposed Permanent Injunction drafted by U-Save's counsel |
| May 4 | Counsel for Merit and Burch send a letter to the Court (with a copy to U-Save's counsel) asking whether to keep the settlement funds in their trust account or submit them to the Court. |
| May 6 | The undersigned enters text-only Order requiring Merit and Burch to submit settlement proceeds to the registry of the Court. |
| May 9 | Merit and Burch's attorney submits the first installment of $2,000.00 to the registry of the Court |
| May 12 | Merit and Burch's attorney submits the second installment of $2,000.00 to the registry of the Court |
| May 18 | Merit and Burch file a Second Motion to Enforce Settlement Agreement |

The Court is called upon by these two pending Motions to determine, essentially, if either side has breached the terms of the settlement agreement: U-Save, by failing to agree to the inclusion of a term in the permanent injunction that was included in the Consent Temporary Injunction, or Merit and Burch, by failing to timely deliver settlement proceeds to U-Save. Because this action was initiated by a claim that Merit and Burch had violated federal trademark laws, federal contract law governs the validity and enforceability of the settlement agreement. However, "'the federal common law of release is largely undeveloped,' and federal contract law is largely indistinguishable from general contract principles under state common law. Thus, in reaching our decision, we will rely not only on federal cases, but also on treatises and state contract law cases to the extent we find them persuasive." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (quoting *Hisel v. Upchurch*, 797 F. Supp. 1509, 1518 (D. Ariz. 1992)).

The terms of the settlement entered into in this case contemplate three actions that will occur: U-Save's attorney would turn the preliminary injunction previously entered into a permanent injunction, and it would be entered into the case by agreement; Merit and Burch would pay U-Save, through their counsel, $2,000.00 per month over four months; and U-Save's attorney would draft a release and send it to defense counsel for approval. None of these conditions was made contingent upon the completion of any other action, and no particular order was mandated for each action to be completed. The parties, and the Court, anticipated that they would all occur more or less simultaneously.

Within a few weeks of the settlement conference, a dispute arose over the terms of the release. After the undersigned ruled in favor of Merit and Burch on the disputed term, U-Save's attorney notified the defendants and the Court that he would be unavailable for a few days due to his brother's serious illness. The undersigned responded by entering an Order staying the case. Despite the stay, defense counsel received the first installment of $2,000.00 in a timely fashion, but the money was placed into the firm's trust account, rather than being sent to U-Save. Ultimately, at the direction of the Court, the money was paid into the Court's registry. While this was occurring, the parties encountered another problem in the language of the permanent injunction, and an agreed permanent injunction has not yet been entered in this case.

Mississippi law favors the settlement of disputes by agreement of the parties, but courts will not rewrite settlement agreements to satisfy either side. *Chantey Music Publ, Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1055-56 (Miss. 2005); *see also Preferred Risk Mutual Ins. Co. v. Collier*, 712 F. Supp. 96, 99 (S.D. Miss. 1989) ("The Mississippi cases make it clear that Mississippi has a strong and abiding policy favoring settlement . . . ."). The original issue in dispute between the

parties was the scope of the release, which has been disposed of in Merit and Burch's favor, as the weight of authority supports the principle that 'the making of a settlement without an express reservation of rights constitutes complete accord and satisfaction of all claims of immediate parties to the settlement arising out of the same accident.'" *Id*. at 97 (quoting *Butters v. Kane*, 347 S.2d 602, 604 (Me. 1975)).  U-Save has signed the amended release under protest, having requested review by the District Judge, which is its right.  Having done so, however, it cannot be heard to complain that Merit and Burch have, in good faith, timely, and following the Court's Order, paid the agreed upon proceeds into the registry of the Court.  When parties to a bilateral contract neglect to expressly state the order in which their promises will be performed, the court must fill the gap under the doctrine of constructive conditions. See John D. Calamari & Joseph M. Perillo, Contracts §§ 11–17 (3d ed.1987); Restatement (Second) of Contracts § 234. The Restatement provides the law on this point: "(1) Where all or part of the performances to be exchanged under an exchange of promises can be rendered simultaneously, they are to that extent due simultaneously, unless the language or the circumstances indicate the contrary." Restatement (Second) of Contracts § 234.  Thus, delivery of the first monthly installment, execution of the release, and entry of the permanent injunction should have occurred at roughly the same time.  Merit and Burch delivered the money to their attorney on time; the fact that it has not been paid to U-Save pending resolution of the other issues is not a breach of the settlement agreement.  For all of these reasons, the undersigned is of the opinion that U-Save's Motion to Rescind Settlement Agreement should be denied.

  This brings the undersigned to the other remaining issue of performance – the entry of an agreed permanent injunction.  The terms of the settlement that were read into the record included

the following statement, "The temporary preliminary injunction that's been entered by consent in this case will be turned and made into a permanent injunction . . . ." The directive is simple enough – the substance of the preliminary injunction would be converted to language appropriate for a permanent injunction. U-Save wants to eliminate paragraph 13, which precludes any finding or admission relative to the ultimate merits of the case. The undersigned is of the opinion that the reasoning that supports the ruling on the issue of the release should also apply here. U-Save and its attorney were aware of the terms of the preliminary injunction; they were both present when the undersigned stated that it would be turned into a permanent injunction; and they were given an opportunity to protest or to clarify the agreement. Absent any further evidence or explanation, the undersigned believes that the parties agreed to take the terms of the preliminary injunction and convert them into terms of a permanent injunction, the only difference being the language changes necessary to change the injunction from temporary to permanent. For these reasons, the undersigned is of the opinion that Merit and Burch's Motion to Enforce Settlement Agreement should be granted.

The undersigned finds that the settlement agreement entered into in this case remains valid and enforceable. As the Fifth Circuit has taught:

> '[A] settlement is valid and enforceable even if it contemplates the parties signing a release at a later date,' unless the parties explicitly provide that a valid contract will not be formed until the parties execute a formal, finalized agreement. Even if one party ultimately fails to execute or sign the final formal release documents, that does not void the original agreement or render it deficient from the outset.

*In re Deepwater*, 786 F. 3d at 355 (quoting *Davison v. Bay Area Credit Serv., LLC*, No. 12-03411-CV-S-DGK, 2013 WL 627003, at *1 (W.D. Mo. Feb. 20, 2013)). For this reason, it is the opinion of the undersigned that Merit and Burch remain obligated to pay the settlement proceeds

in a timely fashion into the registry of the Court.  The undersigned also believes and recommends that U-Save's attorney be required to prepare and execute a Permanent Injunction that includes paragraph 13 and submit it to Merit and Burch's attorney.  Once the Preliminary Injunction is entered, the Court should release the settlement funds to U-Save's attorney.  If any payments remain due after that release, Merit and Burch's attorney should submit them directly to U-Save's counsel.  There remains the question of whether Merit and Burch are entitled to the attorneys' fees they have requested in their Motion.  The undersigned has carefully reviewed that request and is of the opinion that no attorneys' fees are warranted in the narrow issue before the court on the Motion to Enforce Settlement.  That being the case, the undersigned is of the opinion that U-Save's recently-filed Motion to Strike should be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 17th day of June, 2016.

/s/ John M. Roper, Sr.
UNITED STATES MAGISTRATE JUDGE